ON APPLICATION FOR ADMISSION TO THE BAR
 

 PER CURIAM.
 
 *
 

 Petitioner, Chadwick S. Price, successfully passed the February 2011 Louisiana bar examination. By letter dated April 29, 2011, the Committee on Bar Admissions (“Committee”) advised petitioner that it could not certify his character and fitness to this court, citing issues relating to his diagnosed alcohol abuse and possible dependency. Petitioner then applied to this court for the appointment of a commissioner. The Committee opposed the petition, asserting that petitioner has not executed a recovery agreement with the Lawyers Assistance Program (LAP), nor has he complied with the recommendation of a LAP evaluator that he enroll in an intensive outpatient treatment program (IOP).
 

 We find no useful purpose would be served by appointing a commissioner under these facts. In cases involving a diagnosis of alcohol abuse, the court has adopted a policy that the applicant sign a LAP contract prior to seeking admission, and comply with any other treatment recommendations made by the LAP evaluator.
 
 See, e.g., In re: Poche,
 
 10-1311 (La.6/30/10), 39 So.3d 583 (“Granted. Petitioner is allowed to take the Louisiana State Bar Examination. However, petitioner shall not be considered for admission to the bar until he can demonstrate compliance with the requirements imposed upon him by the Committee on Bar Admissions and the Director of the Lawyers Assistance Program, including, but not limited to, execution [ ¡¡of the recommended Recovery Agreement.”). Here, it was recommended that petitioner enroll in an IOP
 
 *430
 
 and sign a LAP contract; however, he has done neither. Therefore, he is not eligible for admission at this time.
 

 Accordingly, it is ordered that the application for admission be and hereby is denied. Pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may not reapply for admission until he has demonstrated compliance with the requirements imposed upon him by the Committee on Bar Admissions and the Lawyers Assistance Program, including, but not limited to, enrollment in an intensive outpatient treatment program and execution of the recommended LAP agreement.
 

 ADMISSION DENIED.
 

 *
 

 Chief Justice Kimball not participating in the opinion.